You have an opponent? I believe so, your honor, and I don't see him here. He's here right now. The lawyers will approach the bench and introduce yourself. Good morning, your honor. Robert Hirshhorn, Office of the State Appellate Defender for Appellant Paul Lee. Assistant State's Attorney Brian Hodes on behalf of the people of the state of Illinois. Thank you. Let's proceed and you'll reserve some time for your rebuttal answer. Thank you, your honor. Good morning again, your honors, and may it please the court. There are two housekeeping matters, I think, that I wanted to get out of the way first. Last week we filed a motion for Lee to cite additional authority. Yeah, but you didn't bind, no, the additional authority was granted. Okay, I haven't received the order yet. But you also had a motion to file a supplemental record, did you not? That was the state's motion. Okay, and that wasn't bound, you know, under the rules it has to be bound. We'll be glad to accept it if you can get it bound. With that turning to the merits, this appeal arises from the circuit court's sua sponte dismissal of Paul Lee's 214-01 petition. What was your case you cited the additional authority? That would be Carter, your honor. Oh, all right, I'm familiar with Carter. The facts essentially, at least the dates for our purposes, were essentially uncontested. On July 11, 2012, Mr. Lee placed his 214-01 petition in the prison mail at Pontiac. It was sent by regular mail. According to the service list that was attached to that filing, it was sent to the clerk of the circuit court and it was sent to the Coe County State Attorney's Office. The petition was in turn stamped filed by the clerk's office two weeks later on July 25, 2012. Ultimately, on September 24, 2012, the circuit court issued an order sua sponte dismissing it. The sole issue on appeal was whether that dismissal was proper based upon timing. In people be long on, the Illinois a 214-01 petition has been properly served before he may summarily dismiss it. It's Mr. Lee's position that because the Illinois Supreme Court also enacted rules 105 and 106, which require that certified mail be used, not regular mail, that that clock never began to run here. But the people had notice. Well, your honor, the people are saying they were there. I think there was a big dispute as to that. The people have pointed to only one thing in this record, and that is a five-letter abbreviated half-sheet entry, PP delta entry, people present, defendant not present. And you agree that's what it means? Absolutely. I have no question that that's what it means. That was before Judge Henley on August 1. All that we know happened is that the case was transferred by Judge Henley to Judge Beeble for reassignment. That happened on August 2, which is the transcript that the opposing counsel has tried to supplement the record with. And on August 2, an unidentified state's attorney is present, and the case is then transferred to Judge Walsh. There is no indication in this record as to the state's attorney doing or saying anything before Judge Henley on August 1. I think that's extremely significant. Really, I recognize that we're here and we're dealing with two cases, Henley and Carter, which go in drastically different directions. Well, do they really go in drastically different directions? Well, Defendant Walsh and one and the other, Your Honor. Wasn't there a difference? And isn't that what Carter specifically did? They distinguished? Well, I think it's more than that. And frankly, Your Honor, I think they clearly distinguished it. Well, I think they said that they would not engage in the presumptions in Carter that they said that these, I believe the language they use is that the prosecutor... I thought they cited it with approval, distinguishing it, though, saying that the state lacked actual notice until the day of dismissal, whereas Okon, the state, had actual notice for over 30 days prior to. They also said that they wouldn't accept the various presumptions there. In Okon, all we know is that the trial judge said on that first date, defendant has filed a 214-01 petition. But so far as I can tell from looking at the case and frankly from looking at some of the briefs that were filed in that case, the State's Attorney said nothing on that. I know that it was argued in that... Do you have any suggestions about half sheets? Are we suddenly ignoring them and they have no actual value of any kind whatsoever? No, I think you... What does the case law say? I mean, do you rely on those petitions? They are court records. But all they tell us... You've already conceded that the court records indicate here that the people, by their representative, was present. The defendant was not in court. And what was the third entry? That was it. PP delta NP. People present, defendant not present. That's all. It says nothing about the state waiving. It says nothing about the state saying, we know what was in that petition. We made decisions based on that. All it says is that there was a body there, that there was a State's Attorney assigned to that courtroom. And I'm not disagreeing that there was a State's Attorney assigned to Judge Henley's courtroom. What I'm saying is that the State's Attorney... And don't we also have not certified mail, but regular U.S. postal mail, an indication that Paul Lee mailed this to the State's Attorney's Office July 11, 2012? Yes, I've already acknowledged it. It was placed in the regular mail. But we're going to ignore that because it's not certified. We're going to ignore that that's not enough. It's the Supreme Court rule that we're seeking to have enforced here, not my preference or Your Honor's preference. The Supreme Court rule says you can either do it by certified mail, return receipt requested. You can do it by publication. And I'm drawing a blank on the third one as I stand here right now. But in any case, regular mail is not one of the three options that's allowed. What about the actual notice when you're standing there in open court and a petition is being presented to the courts? Are we ignoring what the reality is? I think the reality here, Your Honor, is that there's a difference between waiver and other kinds of procedural default. I think that what we dealt with in Okin, what we dealt with in Carter, in both those cases, the State used the term waiver. They said that the State waived registered mail service, certified mail service. And I think what they're citing there, however, is not anything affirmative. They're citing silence. They're saying nobody objected. We didn't object when we had the opportunity to do so. That's not a waiver. All right, so is the issue here whether actual notice is sufficient? The issue here is whether there is compliance with the rules. Those rules are mandatory. Nobody has the authority to dance around them. They say that these are the ways you have to do it. If you want to show an actual... Isn't that what the courts do all the time, dance around things? I mean, isn't that what the courts do? No, the courts will enforce an affirmative act by a party. If the State had stepped up in Okin, if the State had stepped up in Carter and said, Your Honor, I'm in receipt of the 214.01 petition. I've reviewed it. We are waiving our right to certified mail service. That's an affirmative waiver. It's on the record. The clock starts. Had that happened in either case, I don't think anybody would be arguing otherwise because there's actual notice, not merely of the fact that a petition was filed, but its contents. The State, having reviewed the contents of that petition, has made a conscious, intentional decision. But what we're dealing with here is silence, and silence is not golden. Silence is a forfeiture. Silence is not a waiver. A waiver is just fundamentally different from forfeiture. I think the Illinois Supreme Court over the last few years has been making that rather clear. They have drawn this distinction. When you look at Okin, when you look at Carter, what you're looking at is the State merely being present and doing nothing. That's not an affirmative act that should start the 30 days running. Because the State, having not done anything, would not preclude the State a week later from filing an answer and saying, This is sufficient. We're going to go ahead. It would not prevent the State from filing a motion to dismiss seven days later. Now, is this also a case where you're conceding there isn't any merit to the petition? I don't think we've reached the merits. The court did not reach the merits in Vincent. The court did not reach the merits in Longhorn. In both those cases, it's plain on the face of those cases that the petitions were untimely. But the court never said, Well, you know, we're going to ignore that because it's untimely under 214-01. They said, We're trying to protect the rules here. The court, I think, in Vincent, the court, I think, in Longhorn, they were very conscious. They weren't just deciding this issue in this criminal case before, that they were conscious of what they were trying to do was to make sure that the rules are followed, that everybody is not shortchanged, that if someone is merely standing there, that they are not prevented. If they want to file an answer later, if they want to file a motion to dismiss, and they're still within that 30-day timeframe, they're still allowed to do so. They haven't waived that right by merely standing there in a courtroom and doing nothing. Waiver is different from forfeiture. I think the confusion between Okun and Carter and, frankly, between those cases and Vincent and Longhorn is that somehow waiver has been equated with forfeiture, and they are fundamentally different concepts. Silence is not golden. The state, if it wanted to waive service, would simply have, they were in the courtroom saying, Your Honor, we're waiving service. But nobody can point to anything where they did that. All they can point to is a half-sheet entry that says that they're physically present there. In my experience, every criminal court has a state's attorney assigned to it. Yeah, but we're sort of ignoring that anybody was there or did anything or said anything. Well, I think if we're going to rely on a half-sheet entry saying people present, defendant not present, we're going to rely on that. Then we also should be able to rely on the fact that the clerk in reporting that half-sheet didn't say state waived service. I would think that's the kind of thing that if it had been said in there, would be entered. I think it's important, moreover, because what happened here sequentially is August 1st, Judge Henley. August 2nd, we're in front of Judge Beeple. August 3rd, we're in front of Judge Walsh, and before Judge Walsh, there is no state's attorney in the courtroom on August 3rd. She puts it over to September 24th, and again, there is no state's attorney in the courtroom. She can't look at the half-sheet and say, Oh yeah, I see, the state waived service. Because all it says is people present. That's it. No indication of waiver. The state didn't show up August 3rd, the date that they suggested before Judge Beeple, and say, Yeah, we're waiving service. The state didn't show up on September 24th and say, Your Honor, it's right. We waived service over a month ago. What we have here is the state is asking you to assume that Judge Walsh is somehow clairvoyant. She knew that when this was in front of Judge Henley, that there was a waiver entered based on people present. The people's present merely show silence. It does not show a waiver. Forfeiture has been defined as the failure to assert a right when it can be asserted. Silence is a forfeiture. Waiver is a permanent act. Waiver is the voluntary or intentional relinquishment of a known right. And to use waiver here, I think, it's just a wrong kind of procedural default here. I think what we're looking at here is nothing happened, and Judge Walsh was waived. There is nothing that tells her that. Nothing in the half sheet. No state's attorney in the room to tell her that. Because of that, the 30 days didn't begin to run. That's why I think it's so important that we draw that distinction that the Supreme Court has asked us to draw between waiver and forfeiture and say, Okay, if the state wants to waive, just walk into court and do it. Say it. Put it on the record. If it's on the record, nobody can then complain. This Court wouldn't be analyzing this in Okin. It wouldn't be analyzing it in Carter. It wouldn't be analyzing it in this case. It'd be plain on the record. But it's not. There's nothing here to show that the state did that. What we're asking this Court to do ultimately is simply enforce the rules as drafted in the Code of Civil Procedure and in the Illinois Supreme Court rules. When a petition under 214.01 is filed, it sets a procedure in training. Things are supposed to happen. It's supposed to be an orderly process where people have opportunities to do things. And if they decide to waive them, they can waive them. But it doesn't ask that parties assume things happen. And it certainly doesn't ask this Court to assume things happen based on two letters on a half sheet. Unless there are any further questions, we'd ask your honors to reverse the dismissal and remand it for further proceedings. Thank you. May it please the Court, Brian Hodes on behalf of the state of Illinois, people of the state of Illinois. I don't think there's just, first I want to, right off the bat say, I don't think there is just silence here. And one of the most pointed reasons is there is not just silence is while the record we had originally, the record that was provided by the petitioner, didn't give us anything besides that half sheet entry, we went eventually and got a record of proceedings. And that record of proceedings, of course, takes a while to obtain, prepare, et cetera. And that's why, unfortunately, we couldn't have a  record. So what does that record, if it's certified, provide? If your record is certified and found and we properly allow it, what does it provide? What does it show? Okay. What it shows is that after the matter was before Judge Henley, when there was, all we know is that the people were present and that the defendant was not present, Judge Henley that day sent it to Judge Beeble the next day. That day, the case was called in front of Judge Beeble and an unidentified state's attorney said to Judge Beeble, yes, it's a post-conviction matter transferred from Judge Henley. Can we please send this to the supplemental call? The clerk said, Judge Walsh, the court said Judge Walsh asked for a date and the unidentified state's attorney said we can go to tomorrow, please, which I'm assuming is in the form of a question. Could we go to tomorrow, Your Honor? I think that shows that we knew and we had actual notice what was being filed. And I think that's good enough, certainly under this court's well-reasoned opinion and open, which may differ from Carter. I think that they are, I'm not sure that they entirely disagree, but they're certainly distinguishable. So you're telling us that presence is wavered, actual notice is wavered? Actual notice in this context is sufficient, yes, because, as this court rather thoroughly explained, in Oakham, the notice, the degree to which you need notice is dependent upon the purpose of the notice. And the purpose of the notice is to allow us to interpose an objection within 30 days under Blauhern. We had more than 30 days from that date when the notice was drawn. That was on the 2nd of August. It then went to Judge Walsh. She dismissed it on September 28th. So that's almost two months, so say seven weeks. So in that seven-week period, that satisfies the demands of Blauhern. So we had actual notice under Oakham, which I believe is the correctly reasoned decision. Well, I don't think there's any contention that you didn't have actual notice. The question is, there is a split of authority as to whether actual notice is sufficient. Yes, there is. And I've been asking this court to side with itself, as it were. It was this, not only was it this court, it was two-thirds of this panel that sided that way at Oakham. So that was what our brief said. And that's what we're trying to do. And that's what I think. And I not only think that the result was correct, I think the reasoning was thoughtful. I consider the purpose of notice under the circumstances. It considered exactly who's supposed to be asserting notice, which I think is kind of an interesting wrinkle to the case that my opponent pointed out in his brief. He said it's ironic that... Well, it is. It's very ironic. I have trouble figuring out exactly what other context you'd get where the person who is supposed to be tendering notice is using his own ostensible failure to tender notice to obtain appellate relief. That strikes me as just a really almost Kafkaesque situation. And that was something that really figured into this court's opinion. And Oakham, they quoted the authority that I'm...they quoted, I believe it's People v. M.W., which discussed who can assert a failure to provide notice and said that basically you have...the party that has to assert it is the party affected, not the party providing it, or not providing it, as the case may be. So that's basically my argument, is that this case, especially given the supplemental record we have, is a case where the authority is really allied with Oakham, and that Oakham was correct, and that this court should continue to adhere to Oakham. I would further note that this whole thing is one way or another obviously going to probably wind up in front of the Supreme Court because of the evident differing opinions on the matter. Just sort of as a side note. Well, I'm not sure how much difference there is in the other districts, but there was also a case in which the Supreme Court was saying that also the 30 days was certainly questionable in some of those other decisions. At least that's what I recall. Yes. I think that that is the one kind of factual distinction between this case and Carter that you can highlight, is that there were also, from the asserted day of actual notice, they didn't find notice was sufficient in Carter, but between the asserted day of actual notice and the day of disposition, there were, in this case, and we think Carter is wrong, period, but if you wanted to reconcile them, in this case there were from our day when we believe, our day is plural, when we believe there was actual notice, more than 30 days elapsed, which would satisfy Loughern. And so it is possible to at least factually reconcile the two matters. In any event, for these reasons, and certainly those spelled out in our brief, and in light of the supplemental record we've provided, I would respectfully request that this Court affirm the sua sponte dismissal of defendants' petition. It's the poor expenditure of judicial economy also, as this Court noted in Oakum, to be remanding these things when there's utterly no merit. Thank you. Thank you, Your Honors. Your Honors, the word I keep hearing here is they were on notice, and I don't think anybody really has answered the question, notice of what? It's referred to as a post-conviction matter on the transcript that they're trying to sell, not a petition under 214.01, not a petition for relief from judgment, but calling it a post-conviction. Post-conviction to me means something under 122-1, which is a post-conviction matter. I don't think anybody really has answered the question, notice of what? It's referred to as a post-conviction matter on the transcript that they're trying to sell, not a petition under 214.01, not a petition for relief from judgment, but calling it a post-conviction matter. I don't think anybody really has answered the question, notice of what? It's referred to as a post-conviction matter on the transcript that they're trying to sell, not a petition under 214-1, which is a post-conviction is a post-conviction matter on